United States District Court

Eastern District of California

Glen Gardner,

      Plaintiff,                    No. Civ. S 03-0647 LKK PAN P

  vs.                               Findings and Recommendations

D. L. Runnels, et al.,

      Defendants.

-oOo-

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action against prison officials.

    Plaintiff alleges High Desert State Prison (HDSP) was on "lockdown" status from December 12, 2000, to February 13, 2001; February 17, 2001 to April 16, 2001; May 11, 2001 to October 2, 2001; December 11, 2001, to January 2, 2002; and February 15, 2002, to September 22, 2002.  Plaintiff claims during each of these periods he received no opportunity to exercise outdoors, with a sole exception on April 19, 2002, when he was placed

1 outside while maintenance work was done on his cell door.  During
2 lockdown plaintiff was allowed out of his cell for only ten-
3 minute showers and to visit the law library or infirmary.  He was
4 required to wear mechanical restraints when outside his cell.
5 Plaintiff claims the lack of outdoor exercise violated the Eighth
6 Amendment and seeks damages.
7      Defendants move for summary judgment and plaintiff opposes.
8 <u>Standards on Summary Judgment</u>
9      A party may move, without or without supporting affidavits,
10 for a summary judgment and the judgment sought shall be rendered
11 forthwith if the pleadings, depositions, answers to
12 interrogatories, and admissions on file, together with the
13 affidavits, if any, show that there is no genuine issue as to any
14 material fact and that the moving party is entitled to a judgment
15 as a matter of law.  Fed. R. Civ. P. 56(a)-(c).
16      An issue is "genuine" if the evidence is such that a
17 reasonable jury could return a verdict for the opposing party.
18 <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242 (1986).  A fact is
19 "material" if it affects the right to recover under applicable
20 substantive law.  <u>Id</u>.  The moving party must submit evidence that
21 establishes the existence of an element essential to that party's
22 case and on which that party will bear the burden of proof at
23 trial.  <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 322 (1986).
24 The moving party "always bears the initial responsibility of
25 informing the district court of the basis for its motion and
26 identifying those portions of 'the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any'" that the moving party believes demonstrate the absence of a genuine issue of material fact. Id. at 323. If the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden. To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the opponent must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324. The opponent's affirmative evidence must be sufficiently probative that a jury reasonably could decide the issue in favor of the opponent. Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corporation, 475 U.S. 574, 588 (1986). When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment. Id. at 587.

Fed. R. Civ. P. 56(e) provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Nevertheless, the Supreme Court has held that the opponent need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Celotex, 477 U.S. at 324. Rather, the questions are (1) whether the evidence could be submitted in admissible form and (2) "if

3

1  reduced to admissible evidence" would it be sufficient to carry
2  the party's burden at trial. Id. at 327. Thus, in Fraser v.
3  Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing
4  party's reliance upon her diary upon the ground it was hearsay
5  was overruled because the party could testify to all the relevant
6  portions from personal knowledge or read it into evidence as
7  recorded recollection.

   A verified complaint based on personal knowledge setting
9  forth specific facts admissible in evidence is treated as an
10 affidavit. Schroeder v. McDonald, 55 F.3d 454 (9th Cir. 1995);
11 McElyea v. Babbitt, 833 F.2d 196 (9th Cir. 1987). A verified
12 motion based on personal knowledge in opposition to a summary
13 judgment motion setting forth facts that would be admissible in
14 evidence also functions as an affidavit. Johnson v. Meltzer, 134
15 F.3d 1393 (9th Cir. 1998); Jones v. Blanas, 393 F.3d 918 (9th
16 Cir. 2004). Defects in opposing affidavits may be waived if no
17 motion to strike or other objection is made. Scharf v. United
18 States Attorney General, 597 F.2d 1240 (9th Cir. 1979)
19 (incompetent medical evidence).

20 Application

21      The following facts are not disputed.

22      Plaintiff, a white inmate in the custody of the California
23 Department of Corrections, was housed in Facility B at HDSP
24 beginning December 12, 2000. Significant incidents of prison
25 unrest, viz., riots between rival racial groups or serious
26 violence by inmates against staff, occurred in Facility B

1 November 22, 1999, February 17, 2001, May 11, 2001, June 10,
2 2001, February 15, 2002, and April 10, 2002.  Numerous minor
3 disturbances leading to lockdowns also occurred during this
4 period.

5     During the 13 months before plaintiff arrived in Facility B
6 in December 2000, 21 minor incidents and one major incident
7 occurred, resulting in lockdowns of part or all of the facility.
8 From November 29, 1999, to January 6, 2000, and from February 17,
9 2001, to April 2, 2001, the entire institution operated under a
10 state of emergency.  Between December 12, 2000, and April 10,
11 2002, there were five major incidents and six minor incidents in
12 Facility B.  Plaintiff was granted "normal programming"
13 (including outdoor exercise) only about 25% of the time during
14 this period.  From February 15, 2002, to September 22, 2002,
15 plaintiff received no outdoor exercise.  In June 2002, Facility B
16 management commenced a "stepped" unlock process and in the course
17 of this process plaintiff was released from lockdown September
18 22, 2002, and his outdoor exercise privileges were restored.

19     The governing precedent is <u>Allen v. Sakai</u>, 48 F.3d 1082 (9th
20 Cir. 1995).  The court in <u>Allen</u> stated at page 1083-84:

> An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and one subjective. <u>Farmer v. Brennan</u>, 511 U.S. 825, ___, 114 S.Ct. 1970, 1977 128 L.Ed.2d 811 (1994).  Under the objective requirement, the prison officials' acts or omissions must deprive an inmate of "the minimal civilized measure of life's necessities." <u>Id.</u> (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399-2400, 69 L.Ed.2d 59 (1981)).  The subjective requirement, relating to the defendant's state of mind,

1 | requires deliberate indifference.  Farmer, 511 U.S. at
2 | ___, 114 S.Ct. at 1979.

3   In Allen, plaintiff alleged prison officials violated his Eighth Amendment rights by permitting him to exercise outdoors only once each week over a six-week period.  The district court granted summary judgment for defendants.  The Ninth Circuit reversed, holding that defendants were entitled to summary judgment on neither the objective nor subjective elements of the Eighth Amendment claim.  Allen, 48 F.3d at 1084-85.  Whether asserted logistical problems in providing adequate outdoor exercise barred plaintiff from establishing defendants were "deliberately indifferent" was a question of fact for the jury.  Id.

Allen is directly on point and precludes granting defendants' motion.  Plaintiff went without outdoor exercise for four periods exceeding six weeks.  In 2002, he was permitted to exercise outside only once during a period exceeding seven months.  See also Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (summary judgment for defendants reversed where plaintiff received no outdoor exercise for six and one half weeks and defendants' assertion they acted for plaintiff's own protection was insufficient to explain why they could not accommodate plaintiff's need for outdoor exercise in some manner); Keenan v. Hall, 83 F.3d 1083 (1995) (summary judgment for defendants reversed where plaintiff received no outdoor exercise for six months).

1    The decision in LeMaire v. Maass, 12 F.3d 1444 (9th Cir.
2 1993) is inapposite.  In LeMaire, the court of appeals reversed
3 an injunction for plaintiff, who had been deprived of outside
4 exercise for most of a five-year period of incarceration for
5 disciplinary and safety reasons.  12 F.3d at 1457-58.  In finding
6 plaintiff's claim failed under Eighth Amendment standards, the
7 court emphasized that the deprivation was "directly linked to
8 [plaintiff's] own misconduct" and the "physical threat he poses
9 to staff and other inmates."  12 F.3d at 1458.  Here, there is
10 nothing to suggest plaintiff was disciplined for his own
11 misconduct or that particularized safety concerns warranted
12 withholding outdoor exercise to him.
13    Hayward v. Procunier, 629 F.2d 599 (9th Cir. 1980) also is
14 distinguishable.  In Hayward, plaintiffs challenged conditions
15 imposed during a lockdown after declaration of a "state of
16 emergency" at San Quentin State Prison.  The district court
17 denied declaratory relief and the Ninth Circuit affirmed.  In
18 Hayward, the plaintiffs were allowed outdoor exercise for one
19 hour per day, five days per week, within one month after the
20 lockdown was imposed.
21    Accordingly, the court hereby recommends defendants'
22 December 17, 2004, motion for summary judgment be denied and the
23 case be remanded for pretrial conference and trial.
24    Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
25 findings and recommendations are submitted to the United States
26 District Judge assigned to this case.  Written objections may be

filed within 20 days of service of these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated:  June 29, 2005.

          /s/ Peter A. Nowinski
          PETER A. NOWINSKI
          Magistrate Judge