United States District Court

Eastern District of California

Glen Gardner,

        Plaintiff,                    No. Civ. S 03-0647 LKK PAN P

    vs.                            Order

D.L. Runnels, et al.,

        Defendants.

-oOo-

    July 27, 2005, plaintiff moved for discovery.  September 28, 2005, plaintiff moved to extend time for discovery.  Discovery closed November 26, 2004, and plaintiff does not show good cause to extend it.

    August 11, 2005, plaintiff moved for appointment of counsel. In proceedings that do not threaten a litigant with loss of physical liberty, there presumptively is no right to appointed counsel.  <u>Lassiter v. Department of Social Services</u>, 452 U.S. 18, 26-27 (1981).  Section 1915(e)(1) of Title 28 confers discretion

upon the court to request counsel represent an indigent civil litigant. <u>Mallard v. District Court</u>, 490 U.S. 296 (1989).

In deciding whether to appoint counsel the court exercises discretion governed by a number of factors, including the likelihood of success on the merits and the applicant's ability to present his claims in light of their complexity. <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983); <u>see also</u>, <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987). Ordinarily the presumption of regularity in the state's procedures for confining prisoners suggests a lack of likely success and counsels against appointment of counsel. <u>See</u> <u>Maclin v. Freake</u>, 650 F.2d 885, 887 (7th Cir. 1981). As a general rule, the court will not appoint counsel unless the applicant shows his claim has merit in fact and law. <u>Id.</u> Even if the applicant overcomes this hurdle, the court will not appoint counsel if the law is settled and the material facts are within the plaintiff's possession, viz., they do not require investigation outside the prison walls. <u>Id.</u> at 887-88.

Here, plaintiff alleges his constitutional rights were violated when he was deprived of outdoor exercise when on extended "lock-down" status. The law governing these issues is settled and investigation outside the prison walls is unnecessary to discover material facts. There is, on the record before the court, no reason to believe appointment of counsel would be of significant benefit.

\\\

Accordingly, the court hereby orders that:

1. Plaintiff's July 27, 2005, motion for discovery is denied.

2. Plaintiff's August 11, 2005, motion for counsel is denied.

3. Plaintiff's September 28, 2005, motion to extend discovery is denied.

Dated: November 1, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge